IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| MARRIAGE OF MARIA DE JESUS | § | |
| GARCIA and WILFRIDO GARCIA | § | |
| | § | |
| And IN THE INTEREST OF | § | |
| MINOR CHILDREN | § | |
| | § | |
| | § | |
| WILFRIDO GARCIA, JOHN BAKER, | § | |
| And BAKER, BROWN & DIXON, P.C. | § | |
| | § | |
| v. | § | C.A. NO. 7:10-cv-00012 |
| | § | |
| THE LAW FUNDER, LLC, | § | |
| MICHAEL FLANAGAN, ELOY | § | |
| SEPULVEDA and SEAN CALLAGY, IN | § | |
| THEIR OFFICIAL CAPACITY AS | § | |
| RECEIVERS | § | |
|     Intervenors | § | |
| | § | |
| v. | § | |
| | § | |
| PODHURST ORSECK, P.A.; STEVEN C. | § | |
| MARKS; DOUGLAS A. ALLISON; | § | |
| LAW OFFICES OF DOUGLAS A. | § | |
| ALLISON; TURNER W. BRANCH; | § | |
| TURNER W. BRANCH, P.A.; THE | § | |
| BRANCH LAW FIRM; NEWTON B. | § | |
| SCHWARTZ, SR.; LAW OFFICE OF | § | |
| NEWTON B. SCHWARTZ, SR.; and | § | |
| THE HAGGARD LAW FIRMS, P.A. | § | |
|     Intervention Defendants | § | |
| | § | |
| NEWTON B. SCHWARTZ. SR. | § | |
|     Counter and Cross-Plaintiff | § | |
| | § | |

v.                                          §
                                            §
WILFRIDO R. GARCIA;                         §
MARIA DE JESUS GARCIA;                      §
LAW FUNDER, LLC; JOHN BAKER;                §
BAKER, BROWN & DIXON, P.C.;                 §
PODHURST ORSECK, P.A.;                      §
STEVEN C. MARKS;                            §
TURNER W. BRANCH, TURNER W.                 §
BRANCH, P.A.; BRANCH LAW FIRM;              §
    Counter and Cross-Defendants      §

NEWTON B. SCHWARTZ, SR.;                    §
LAW OFFICES OF NEWTON B.                    §
SCHWARTZ, SR.; and NEWTON B.                §
SCHWARTZ, SR. AS TRUSTEE FOR               §
THE KEMPER, QUEEN & SCHWARTZ,              §
JR. TRUST                                   §
    Third-Party Plaintiffs, Counter and  §
    Cross-Claimants and Plaintiffs    §
                                            §
v.                                          §
                                            §
SERVICIOS LEGALES DE                        §
MESOAMERICA S. DE. R.L.;                    §
BENTON MUSSLEWHITE, SR.;                    §
JAMES VITITOE, A PROFESSIONAL              §
CORPORATION; THE UNITED                     §
STATES OF AMERICA (IRS)                     §
    Third-Party Defendants            §

## NEWTON B. SCHWARTZ, SR.[1] AND LAW OFFICES OF NEWTON B. SCHWARTZ, SR.'S FIRST AMENDED THIRD-PARTY COMPLAINT[2]

TO THE HONORABLE JUDGE OF SAID COURT:

---

[1] Newton B. Schwartz, Sr. Individually as Intervention Defendant, Third-party Plaintiff, Counter and Cross-Claimants and as Trustee of the Kemper, Queen & Schwartz, Jr. Trust, a Texas Trust (both hereinafter NBS)
[2] Per F.R.C.P. 14(a), subject to, contemporaneously filed Motion for Leave to File, and per Court Orders of April 7, 2010 in open Court and per F.R.Civ.P. 15.

2

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Newton B. Schwartz, Sr. and the Law Offices of Newton B. Schwartz, Sr. and Newton B. Schwartz, Sr. as Trustee of the Kemper, Queen & Schwartz, Jr. Trust, A Texas Trust (hereinafter all "NBS") and files this his First Supplemental Third-Party Complaint per Federal Rules of Civil Procedure (hereinafter FRCP) Rule 14(a) against Mikal Watts, Kenneth T. Fibich, Craig Sico and Sico, White, & Braugh, LLP and Sico, White, Hoelscher & Braugh, LLP.

I.

All allegations and statements in NBS':

1.    Cross action against the Allison parties (LODA), filed on July 23, 2010, by e-filing, 15 pages, including, Certificates of Service; and

2.    All Motions therein and exhibits and all statements in such prior December 14, 2009 pleadings of NBS including Cross claims, counter claims and third party claims as to all original third party defendants above named, those filed on December 14, 2009, in Hidalgo state court and removed, January 26, 2010 to this Court, including all exhibits thereto, are all adopted by reference per F.R.Civ.P. 10(c).

II.    JURISDICTION and VENUE

This Court has jurisdiction over both the subject matter-funds in *"custodia legis"*, and in personem over the proposed third parties.  All are residents and

citizens of Texas and have their principal place of business in the Southern District of Texas and all have substantial systematic transactions of legal and professional business in the Southern District of Texas at all times material herein.  The above removed principal case is based on "…original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.  28 U.S.C. Section §1331.  The claims and causes of action alleged hereinafter as to these Third party defendants arise out of the same transactions and occurrences made the bases of the above December 14, 2009 original third party action which resulted in removal to this Court on the above "federal question" jurisdiction as to the entire case then pending in the Hidalgo County state court.  These subject matters include the "funds" now in deposit in the registry, respectively in the Houston Division and McAllen Divisions of the Southern District of Texas as set forth hereinafter.

Third party defendant IRS has filed and levied liens against both Wilfrido Garcia and wife, Maria de Jesus Garcia ("Garcia") and Servicios Legales De Mesoamerica S. De. R.L. ("SLM"), hereinafter respectively Garcia and SLM, on properties in this District.   This included (a) liens against both real and personal property located in this District and Division; and (b) cause of action set forth in Exhibit "F" and "F1", all of which are adopted by reference.

This Court also has pendent jurisdiction over all such state court claims.  It has previously ruled upon the original divorce action's present and future

jurisdiction in this Court. Additionally, venue also lies exclusively in this District and Division per 28 U.S.C., Section § 1402(c), where the United States as here, is a defendant (third party defendant).

### III. PROPOSED ADDITIONAL THIRD-PARTY DEFENDANTS

1. MIKAL WATTS and his law firm Watts, Guera Craft, LLP, (hereinafter "Watts"), is a duly licensed, practicing Texas attorney who may be served with Summons at his place of business, Four Dominion Drive, Building 3, Suite 100, San Antonio, Texas 78257. He also maintains offices in Corpus Christi, Texas and elsewhere in the Southern District of Texas.

2. WATTS, GUERA CRAFT, LLP, is a Texas limited liability partnership, which may be served with Summons at the address of the partnership's principal office at 300 Convent, Suite 100, San Antonio, Texas 78205, in the Southern District of Texas.

3. KENNETH T. FIBICH and his law firm Fibich, Hampton & Leebron, LLP, (hereinafter "Fibich") is a duly licensed, practicing Texas attorney who may be served with Summons at his primary place of business, 1401 McKinney Street, Suite 1800, Houston, Texas 77010, in the Southern District of Texas.

4. FIBICH, HAMPTON & LEEBRON, LLP, is a Texas limited liability partnership, which may be served with Summons at the address of the

partnership's principal office, 1401 McKinney Street, Suite 1800, Houston, Texas 77010, in the Southern District of Texas.

5. CRAIG SICO is a licensed practicing Texas attorney who may be served with Summons at his primary place of business, 802 N. Carancahua, Suite 900, Corpus Christi, Texas 78470 in the Southern District of Texas.

6. SICO, WHITE & BRAUGH, LLP is a Texas Domestic Limited Liability Partnership.  It is registered with the Texas Secretary of State but has listed no registered agent for service.  Therefore, Craig Sico is designated as its registered agent.  He may be served with Summons at 802 N. Carancahua, Suite 900, Corpus Christi, Texas 7870 in the Southern District of Texas.

7. SICO, WHITE, Hoelscher & BRAUGH, LLP is a Texas Domestic Limited Liability Partnership (Craig Sico and both LLP's are jointly called hereinafter Sico).  It is registered with the Texas Secretary of State but has listed no registered agent for service.  Therefore, Craig Sico is designated as its registered agent.   He may be served with Summons at 802 N. Carancahua, Suite 900, Corpus Christi, Texas 78470 or 555 N. Carancahua, Suite 830, Corpus Christi, Texas 78478 in the Southern District of Texas, (all hereinafter "Sico"), as is alleged in Par. III ante, 5,6 and 7 above.

All above proposed additional Third-Party Defendants are subject to this Court's jurisdiction and venue. Both general and original jurisdiction lies in this Court over each of them in this Court, and in the McAllen Division per above.

## IV.     CAUSES OF ACTION

A. Contractual Claims to Attorneys Fees all to be paid into a common fund in the Registry of this Court "funds"):

1. The IRS was joined as a Third-party by NBS on December 14, 2009. It removed here on January 26, 2010. All prior pleadings, statements, claims and exhibits above therein are all adopted by reference per Rule 10(c).

   a.      The IRS claims, (but it is disputed), to be entitled to any (1) priority and/or entitlement to such "funds" to the extent of its liens plus accrued interest and penalties, if any; and (2) if a Final judgment is awarded to IRS and if IRS collects all or part of its remaining applicable principal lien balance of about $800,000.00 alleged that it is owed; and/or only if it is entitled to priority over: (1) competing claims herein of present parties NBS, Law Funder, James Vititoe and/or parties; and/or if it is prior to and if it is owed all or parts of its above indebtedness, served and secured by its liens against SLM (Servicios Legales De Mesoamerica S. De. R.L.), and/or Wilfrido (Wilfredo) Garcia ("Garcia"); this includes all penalties and interest

after the repayment and credits for the approximately $1.6 million payment and credit from the sale of the Garcias' ranch in South Texas in 2008-2009.

b.      All of SLM and/or Garcias contractual attorneys fees both collected by now and/or uncollected, are set forth on Exhibits "F" and "F1".  Such attorneys fees which are sought to be collected herein, will be subject to contested priority of all parties rights of and competing claims to fees in all 57 cases Siber Air/Russian Air crash listed on Exhibit "A" named parties herein to Exhibit IV in the Siber Air crash case now pending and set for trial in Southern District of Texas, Houston Division on March 26, 2010 (C.A. 4:10-cv-01024).

c.      NBS, Individually, and as Trustee is entitled to his prior priority in time above contractual sums due out of the "res" or "funds" in *"custodia legis"* of $697,882.07 in the Court registry in the Houston Division, Southern District of Texas: (a) of his Exhibit "N" original debt $700,000.00 less a one-time 2008 principal payment, and credit of $229,757.14 leaves a present principal balance owing, unpaid and due to NBS of $470,242.86; (b) plus NBS' contractual claims to 5%[3] of all gross recoveries thereon Exhibit "A" to Exhibit "N" (Southern District of Florida-Miami Division), on all past and present SLM/Garcia cases in Siber Air Irkutz Russia 2006 air crash

---

[3] Benton Musslewhite's .05% (.05) of NBS' 5%, given and assigned to him by NBS in 2006, was reassigned in late 2009 to NBS of record in Southern District of Florida-Miami Division above and adopted per Rule 10(c).

in "Siber Air".  They are scheduled on Exhibit "A" to Exhibit "N" (Southern District of Florida-Miami Division), attached and adopted by reference per Rule 10(c).

Such $697,882.07 was transferred per 28 U.S.C. § 1402a, on transfer to the Southern District of Texas, March 2010 from the Southern District of Florida, all again set forth on Exhibit "N" attached. The above NBS checks totaling said $700,000.00 above, (a) $300,000 (Exhibit "D"-Trust) and (b) $400,000 (Exhibit "C"-NBS Operating), respectively, all adopted by reference per F.R.Civ.P. 10(c), cases.

d.     Other than IRS and/or NBS, no other party has any top or first priority claims as to said above Siber Air attorneys fees (a) "funds" in the Court registry; and (b) all future fee recoveries-$697,882.07, based on priority under federal tax laws.  NBS alleges that he has a priority claim to both of his above priority claims competing with IRS $697,882.07; and (b) payment of their contractual 50% of SLM and Garcia's fees into a common fund; and (c) contribution and/or full or partial indemnity from the above seven (7) named prospective new third parties and cross Defendant Allison parties (LODA), by compelling payment of the 50% of their:

1.     Attorneys fees due, owing,  underpaid and unpaid due and owing to SLM and/or Garcia into this Court's Registry "funds" from said joined, seven named third parties; and

2.     Those underpaid and not fully or properly accounted for and paid; and

3.     All such additional payments of attorneys fees to be paid into and enhance such above "common fund" on deposit and to be deposited into the registry of the court.  This is for both (a) past due attorneys fees, and (b) those due in the future contractual attorneys fees due, owing and unpaid by third party defendants Watts, et al (Sico, Fibich and Watts); and (c) those underreported underpaid into the Court Registry.

Intervention-Defendant and Third-Party Plaintiff NBS:

2.     NBS also seeks (a) a full accounting of payments of contractual 50% attorneys fees on all 17 of their cases referred by SLM and/or Garcia on Exhibit "F" from all seven additional, above named, third party defendants of their 50% of all contractual attorneys fees paid to date in the past four years, if any; and (b) past due, owing and unpaid; and (c) to be paid in the future upon their collection allowed to SLM and Garcia.

a.     All such attorneys fees are to be paid into the common "fund" in the registry of this Court; (b) in addition to all other attorneys fees to SLM and/or

Garcia; (c) such claims underpaid and due, owing and unpaid. They, as are all, sued for herein on July 22, 2010, from Cross-defendant and intervention defendants Allison parties (LODA) payment in its 23 cases listed on Exhibit "F" and "F1"; and all adopted by reference per Rule 10(c).

      b.     These 17 cases and 23 LODA (Allison) Cross Claims cases above are separate and distinct from the "fund" in Southern District of Texas, Houston Division (C.A. 4:10-cv-01024) ante $697,882.07, are in addition to and do not include the above amounts on deposit in the Registry of this Court in Houston, due, owing and unpaid out of SLM and Garcia's above contractual 50% of all gross recoveries in all 57 Siber Air crash cases listed on Exhibit "A" at p. 8 (of 8 pages) to Exhibit "N" Southern District of Florida, now in Southern District of Texas, Houston, Texas Division, attached and adopted by reference per F.R.Civ.P. 10(c), plus; and

      c.     NBS seeks recovery, in addition to his above present balance of said $470,242.86, an additional 5%[4] of all gross recoveries out of aggregated totaling the 57 cases listed on Exhibit "A" to Exhibit "N" (Southern District of Florida-Miami Division), per above (now in Houston Division ante).

    3.    NBS sues these seven additional third party defendants for (1) an accounting and payment and recovery of all of such SLM and/or Garcia's 50% attorneys fees as

_____

[4] See footnote 3 at p. 8.

11

contractual damages and attorneys fees to be paid into this Court's Registry.  This includes, but is not limited to all above, seven additional above named third party Defendant attorneys cases listed, named and listed on Exhibits "F" and "F-1" series with whom Servicios Legales Mesoamerica S. De. R.L (SLM) and Wilfrido "Willie" Garcia's (Garcia)

> (a)    All above third parties had binding contractual agreements to pay SLM and Garcia ½ or 50% of all such attorneys fees in Exhibit "F" and "F1", referred lawsuits and cases listed therein.
>
> (b)    SLM and/or Garcias' are owed such contractual, substantial referral and/or forwarding fees up to 50% or more in each case as shown on Exhibit "F" and "F1" (1) not yet paid; and (2) underpaid and/or underreported; and (3) those to be paid upon collection into this Court's Registry.  They are set forth on Exhibit "F" and "F-1" and "N".  They are all adopted by reference per FRCP Rule 10(c).

4.    NBS seeks (1) an accounting for each of the respective cases of each third party defendant and the payment of all 50% of these referral attorneys fees due, owing and unpaid into the "fund" in the court registry here for necessary credit for payments in addition to those already paid into the Registry of the State Court prior to removal January 26, 2010.  No further payments are shown on PACER at this time after the January 26, 2010 removal to this McAllen U.S. District Court.

5.     Such sums, in this Court's discretion or on Motion of any party may be invested at interest pending final decisions and judgments, including after all appeals from this Court, including all issues of priority of and validations of any IRS liens, if any.

6.     On information, payments made into the State Court registry above, by the seventeen Sico and Fibich, third party defendants, but not all of their joint 17 listed cases were paid and accounted for at less than the 50% contractual fee sharing agreement with SLM and Garcia as to each of them.  An accounting is sought as to each case listed of Third-Party Defendants on Exhibit "F" and "F-1".   This includes all amounts required to be shown on and accounted for each of their joint, mutual clients settlements per Texas Disciplinary Rules of Professional Conduct (DR) 1.04(d).

b.     NBS here seeks (a) accounting and (b) payment, in full, per said Exhibit "F" and "F1", 50%-50% fee sharing attorney fee contracts into the Court's registry, by all above named third party defendants, and collection of all such referral fees both, (a) past due, including those not paid in full; (b) presently due and due, owing and unpaid to date; and (c) to be paid upon collection and in the future owing to SLM and Garcia into the Registry of this Court; and (d) NBS seeks the final determination of all fees in all such cases, resolved by settlements and all net collections of all attorneys fees after all appeals and final Judgments in each of

those cases and all parties claims herein, including by the IRS (US), to date which generated such above attorneys fees.

7.     On information, at least another range between $500,000.00-$2 million in fees or more is due, owing and unpaid, after full discovery herein, altogether in Fibich's four cases, Watts' three cases and Sico's ten cases and others, whether or not listed and all others on Exhibits F and F1.  It is believed that more than sufficient funds will be produced to pay both the IRS and NBS and other subordinate claimants out of the funds it is owed, in full or in part for such above contracts.

Such recovered attorneys fees and joint "common funds" must be paid into the Court registry, available to pay or satisfy claims in order of priority:

7a.     Any prior IRS liens, if any, and IRS judgment liens, but only if not compromised, satisfied and/or paid in full and/or found to be due, owing and unpaid, in part from all other applicable funds presently in the Court Registry and in the future on deposit in the Court registry in McAllen U.S. District Court, until such McAllen Court "funds" are exhausted in order of priority as between all parties hereto.

7b.     After all final judgments and after verdicts, appeals, mediation, arbitration, compromises and settlements of each cases listed on Exhibit "F" and "F1", 50% or ½ of all attorneys fees of the above three named third

party defendants 17 cases and all other parties, including the 23 cases on Exhibits "F" and "F1", Intervention defendant and cross-defendant Allison (LODA) herein owe or is found to be liable for.

       7c.    If, arguendo, IRS is found to be finally prevailing, in whole or in part, or its liens prior in whole or in part (now $800,000.00), then, in collection, including all penalties and interest and costs etc., may be assessed and collected from all cases listed in Exhibit "F". This will entitle and enable NBS after payment in full of any and all IRS liens, if any, from the Court registry in McAllen, and priority, NBS is next in priority in order of preference and entitlement to be paid in full or substantially so for all of his damages and claims for monetary relief requested herein from the above funds in the registry of the Southern District of Texas-Houston Division Court ante at p. 14 above the presently "res" $470,242.86 on deposit there. All are adopted by reference. Should such Houston "res" be transferred here, as has been pending since April 6, 2010 Motion to Transfer per 28 U.S.C. § 1404(a) and/or 1406, there will be one consolidated merged aggregate "fund" here.

8.    IRS' present, finite lien balance[5] of an estimated $800,000.00, is almost fully secured by the present amount on deposit in the registry of this Court. This totaled

---

[5] The IRS usually applies collections in payment in its liens in the following order of priority:

$708,510.79 at last count, 6 months ago, upon removal on January 26, 2010.  No current accounting balance has been received or is shown publicly on Pacer as of this date.

9.    IRS has a potential, arguably inherent conflict of interest herein that may explain why it has not pursued at all, much less more vigorously collection of its liens.  Assuming, arguendo, that if they are prior and valid against all funds now on deposit and to be deposited in the registry of this Court, both in Houston and McAllen, they are secure.  This is controverted by NBS and perhaps other parties:

A.    IRS can, in its discretion, independently collect 100% of the taxes on the 50% legal fees in the above scheduled "F" and "F1" cases, 17 herein, at the current maximum highest tax bracket, for individuals (or higher for corporate), 35% of 100% of all attorneys fees received by additional third party defendants Watts, Fibich and the Sico firms.  In addition to its potent lien levies, IRS has a wide array of collection remedies, including audits to enforce such collections, including penalties and interests, jeopardy assessments and attachment and freezing of bank accounts, among others[6].

---

1)    Form 940 wages paid and all computerized accruals, including penalties; and interest on all lien debts; and
2)    Form 941 Trust funds, including penalties and the ½ withheld from employees matched by employers ½ FICA, Social Security taxes; and withholding taxes
3)    Form 1040, income taxes.  It is assumed that said third party defendant attorneys have paid in full; both (1) and (2) above reported 100% of all attorneys fees received from clients on the 17(Exhibits "F" and "F1") scheduled cases.
       If said third party defendants have paid 100% of the income and other taxes due on any of the 17 listed cases, then a credit or offset against IRS here will be sought herein of all such net 50% attorneys fees due to SLM and/or Garcia into the Court's "fund" per above.
[6] See fn. 4 at p. 14.

B.     IRS has expended little or no time or energy or resources resting on its lien as it has and is its right for 6 months since removal herein.  That may explain its joinder in transfer, per 28 U.S.C. § 1404(b), from the Southern District of Florida to the Southern District of Texas-Houston Division, the now $697,882.07 in Houston ante.

C.     Barring an increase in its principal and accruing interest or further imposition of penalties, if any, its position may be secure, should IRS prevail either in priority or entitlement or both.  But it has the above "fallback" collection procedures now unless this Court grants leave to file this Third Party Complaint. That may explain its counsel's failure to return calls since July 19th, ten days ago. The failure of Mr. Herbert Linder to return NBS' call on July 19, 2010 was told to his fellow Department of Justice attorney from Dallas, on July 28, Mr. Waymon DuBose in Houston during depositions on July 27-28, still without any response.

10.    Likewise, the total lack of effort or participation by James Vititoe[7], original third party defendants is clear.  His firm Masury & Vititoe ("M&V") has been in a Chapter 11 proceeding nearly two years in California.  The firm has debts unpaid

---

[7] James Vititoe personally appears on some (the number is unknown) client powers of attorney "Attorney Representation Agreement" Exhibit "5" series filed June 29, 2010, in this Court in Receivers' Response to Podhurst Orseck, P.A.'s Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(B)(2) ("PO"), per F.R.Civ.P. 12(B)(2).  Although not signed on those copies by PO or Vititoe, but by clients deleted signatures, all for SLM signed by Alfonso Gonzales on Exhibit "6", attached thereto, is here, adopted per Rule 10(c).  James Vititoe is not listed and others.  It is not known how many such cases James Vititoe shares in personally as opposed to his firm Masury & Vititoe ("M&V").  Branch parties share in 8 listed at Exhibit "13" adopted by reference herein in the Receivers' above Response in Opposition to Motion to Dismiss.

over $30,000,000.00, ($30 million), alone to 2 lenders, not Law Funder, but similar over charging high interest rates up to 3.5% per month compounded.  It is unlikely M&V's total receivables or assets collected and liquidable will ever approach that sum.  M&V may have used its Chapter 11 bankruptcy status, as both a sword and shield, including in Miami and in Houston.  The only stated reason for not granting NBS' unopposed motion to transfer per 28 U.S.C., Section § 1404a and/or 1406, in the above Houston case, has not been granted since April 6, though unopposed of record.  This may be the result of automatic bankruptcy stay issued in California.  No one has moved to lift such stay.  Per Exhibit 5 series filed on July 19, 2010, by Receivers, James Vititoe appears personally[8], not M&V on the one redacted contract attached thereto (Receivers' Response to Podhurst Orseck, P.A.'s Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(B)(2).

a.    The only other Claimant Law Funder, LLC, was originally secured by 20 other SLM/Garcia cases, in addition to Siber Air; it has received a substantial partial payment in state court prior to removal here by IRS for some of those cases.  It has stipulated of record being inferior to NBS' claims in Siber Air crash ante.

---

[8] See footnote 7 at p. 17.

b.     Turner Branch parties defendants[9] eight claims may be not sufficiently large (8 Siber Air cases), as to justify expenditure of time and resources for its potential ultimate recovery.  They can reply for themselves.

c.     Funds on deposit herein in McAllen of $708,510.79, 6 months ago, were voluntarily paid from lawsuits in which 50% or one half purportedly of such legal fees were due, owing and paid to SLM and/or Garcia.  Both are or were at the beginning of this case, McAllen, Hidalgo County resident citizens and a Mexican Law firm, SLM, having its U.S. offices in McAllen, Texas.

d.     IRS arguably has the discretion, per above, to select where and from whom or what sources it seeks recovery of its present lien balance (after about 2/3rd of it was paid, ($1,600,000.00), in Hidalgo County in 2008, from the sale of Garcia's ranch real property and assets there.  Based upon its failure to actively prosecute collection of its lien balances above so far, it, along with all parties, it must now await, the final collection of all such common "funds", i.e., attorneys fees from all parties owing the same into a common fund in the registry of this Court and in Houston United States District Court, if not transferred and subject to its orders.

e.     If IRS' lien is found to be: (1) not prior and/or (2) not valid, in whole or in part, it will recover less or even arguably nothing, or have to await

_____

[9] At p. 17 (Exhibit "B" filed on July 29, 2010).

adjudication of entitlements to priority of payments between other lien holders and/or creditors and claimants, including, NBS, Vititoe, Branch and/or Law Funder.

11.    Fibich and Sico, have commendably responded voluntarily with some payments in State court.  Such may be under payments that were not corroborated per DR 1.04(d), insofar as  is of public records herein.  They are believed to be only (1) partial and not full 50% payment of fees of SLM and Garcia; and then (2) not as to all of their 17 above named cases referred by and joint ventured with SLM/Garcia.

b.    Third parties are properly joined as necessary, proper and/or indispensable third parties and should be made to respond in discovery with an accounting for such other cases listed on Exhibits "F" and "F1", for the Sico, Fibich and Watts firms above.  NBS seeks here to obtain such accounting and payments of all past paid and present unpaid, remaining attorneys fees due, owing and unpaid, to be marshalled and paid into the registry of the Court here to await such final determinations in *custodia legis*.

12.    Urgency is present here because applicable Texas four year statute of limitations, (both under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and/or the IRS code).

Statutes of limitations are soon expiring on (1) breach of contract; and/or (2) common law fraud; and/or (3) accounting actions, including fraudulent accounting; and/or (4) a declaratory judgment action.

a.     Unlike third parties here, Allison parties (LODA), Intervention defendants and cross defendants were sued originally in October 2009 and now cross claimed against on July 22, 2010.  But the applicable Texas four year statutes of limitations, as to all four above causes of action enumerated, has not been tolled as to the seven above named Watts (and Watts, Guerra Craft, LLP); Fibich (and Fibich, Hampton & Leebron, LLP) and the Sico parties.   Unless this First Amended Third Party Complaint is filed and served, they may or will escape from any actions of accounting, etc., for their 50% or whatever present contractual fee sharing they had with SLM and/or Garcia, dating back to the fourth quarter of 2006.  This is when such joint venture, fee sharing contracts on Exhibit "F" and "F1" were executed and accepted, some dating back to 2005, as is shown thereon. This is an emergency reason to bring them into this case for all above reasons outlined above and adopted by reference per Rule 10(c).

PRAYER

WHEREFORE NBS seeks the recovery of his present principal balance of his original $700,000.00, per Exhibit "N" and Exhibit "A" thereto, debt in Southern District of Texas, Houston Division, less a credit of a one-time 2008

principal payment of $229,757.14 resulting in a net principal balance due of $470,242.86; and (2) 5% of all gross recoveries in the Siber Air crash case for said 57 cases of Siber Air crash funds on deposit in the Registry of this Court, presently in the Court Registry, U.S. District Court, Southern District of Texas, Houston Division ante, totaling $697,822.07, and/or on transfer to the McAllen Division; and

A.     To collect all attorneys fees due, owing and unpaid and/or underpaid by the above seven Third Parties on Exhibit "F" and "F1"; and from these seven additional third party defendants for all SLM and Garcia contractual above claims and causes of action and paid into the Court's registry; and

2.     IRS is sought to be directed to collect its liens and indebtedness, if any, first initially and exclusively from the present $708,510.79 and all future payments "funds' to be deposited in the Court here in McAllen where they were paid on removal, until such "funds" are first exhausted paying the IRS first, if determined to be owed in priority per NBS' December 14, 2009 claims joining IRS, SLM/Garcia and Vititoe as a third party defendants; and

WHEREFORE, NBS prays accordingly for all of his above damages and remedies against such proposed third party defendants for collection of such attorneys fees and "funds" and all other above relief, all adopted by reference per FRCP Rule 10(c).

Respectfully submitted,

/s/ Newton B. Schwartz, Sr.
NEWTON B. SCHWARTZ, SR., Pro se
TBN: 17869000
1911 Southwest Freeway
Houston, Texas 77098
Tel: (713) 630-0708
Fax: (713) 630-0789

Dan Alfaro
TBN: 01011000
1317 N. 10th St., Suite 120
McAllen, Texas 78501
Tel: (956) 661-9898
Fax: (956) 661-9899

LOCAL COUNSEL ONLY

**OF COUNSEL:**
KELLY W. KELLY
TBN: 24041230
JAMES A. STEGALL, III
TBN: 24037544
MARTINA E. CARTWRIGHT
TBN: 00793475
Law Offices of Newton B. Schwartz, Sr.
1911 Southwest Freeway
Houston, Texas 77098
Tel: (713) 630-0708
Fax: (713) 630-0789

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of the foregoing instrument has been forwarded to all known counsel in accordance with Federal Rules of Civil Procedure on this 30th day of July, 2010.

/s/ Newton B. Schwartz, Sr.
NEWTON B. SCHWARTZ, SR.

Herbert W. Linder                                    VIA EMAIL
Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
*Attorney for the United States (IRS)*

Lecia L. Chaney                                      VIA EMAIL
Mitchell Chaney
Colvin, Chaney, Saenz & Rodriguez, LLP
1201 East Van Buren Street
P.O. Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
*Attorney for Podhurst Orseck and Steven C. Marks*

Aaron Pena, Jr.                                      VIA U.S. REGULAR MAIL
Attorney at Law
232 West Cano, Suite 100
Edinburg, Texas 78539
Tel: (956) 533-6330
*Attorney for Podhurst Orseck and Steven C. Marks*

Raymond L Thomas                                     VIA EMAIL
Rebecca Vela
Kittleman, Thomas & Gonzales, LLP
4900-B North 10th Street
McAllen, Texas 78504
Tel: (956) 686-8797
*Attorneys for Receivers Michael Flanagan, Eloy Sepulveda, Sean Cllagy; and*

*Attorneys for Wilfrido R. Garcia, Servicios Legales De Mesoamerica S. De. R.L, John Baker and Baker, Brown & Dixon, P.C.*

Ricardo L. Salinas                              VIA U. S. REGULAR MAIL
Law Offices of Salinas-Flores
2011 N. Conway
Mission, Texas 78572
Tel: (956) 584-3900
*Attorney for Wilfrido Garcia*

Kelly McKinnis                                  VIA EMAIL
240 Water Tower Centre
612 Nolana Loop
McAllen, Texas 78504
Tel: (956) 686-7039
*Attorney for Maria De Jesus Garcia*

Sofia Ramon                                     VIA U. S. REGULAR MAIL
Atlas & Hall, LLP
P. O. Drawer 3725
McAllen, Texas 78502

Thomas G. Wayland                               VIA EMAIL
Attorney & Counselor at Law
1630 N. 10th Street
McAllen, Texas 78502
*Attorney for Maria De Jesus Garcia*

Turner W. Branch                                VIA EMAIL
Branch Law Firm
2025 Rio Grande Blvd., NW
Albuquerque, New Mexico 87104
*Attorneys for Intervention-Defendants, Turner W. Branch, Turner W. Branch, P.A.*

Richard J. Reynolds, III                        VIA EMAIL
Robert R. Biechlin, Jr.
Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C.
Fifth Floor-One International Centre
100 N. E. Loop 410
San Antonio, Texas 78216-4741

*Attorneys for Intervention-Defendants The Haggard Law Firm, P.A.*

Douglas A. Allison                                    VIA EMAIL
Law Offices of Douglas A. Allison
South Tower, Suite 1200
500 North Water Street
Corpus Christi, Texas 78471
*Intervention-Defendants and Attorney for Intervention-Defendants*

Paul R. Wilson                                        VIA EMAIL
Wilson Law Firm, LP
323 W. Cano
Edinburg, Texas 78539
Tel: (956) 316-0545
*Attorney for Celina's Interiors (Intervenors)*

Michael F. Hord, Jr.                                  VIA EMAIL
700 Louisiana, 25th Floor
Houston, Texas 77002-2728